Filed 9/4/20  P. v. Sandoval CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073516 |
| v. | (Super.Ct.No. FVI901482) |
| PABLO SANDOVAL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed with directions.

Pablo Sandoval, in pro. per.; Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Defendant and appellant.

1

Defendant and appellant Pablo Sandoval appeals from a postjudgment order denying his petition for resentencing pursuant to Penal Code[1] section 1170.95 and Senate Bill No. 1437 (2017-2018 Reg. Sess.).  He also appeals from the court's order declining to strike his firearm enhancement under section 12022.53, subdivision (h).  Based on our independent review of the record, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[2]

A drug dealer identified only as "Max" owed money to a group of other drug dealers for some methamphetamine that had gone missing.  He decided to ambush his creditors, tie them up, rob them of any drugs and money they might have, and kill them.  Max delegated the actual commission of these planned crimes to at least nine men, including defendant, who worked for him.  According to the prosecution's designated gang expert, most, if not all, of the participants, including defendant, were members or associates of the Sinaloa drug cartel; the victims were members or associates of a different cell of the same cartel.  (*Perez*, *supra*, 22 Cal.App.5th at p. 204.)

On November 1, 2013, a jury found defendant guilty on two counts of murder (§ 187, subd. (a)), one count of premeditated attempted murder (§§ 187, subd. (a), 664)),

---

**1**  All further statutory references will be to the Penal Code, unless otherwise noted.

**2**  By order filed on January 31, 2020, we granted defendant's request to take judicial notice of our prior unpublished opinion in this case.  (*People v. Perez* (April 12, 2018, E060438) [nonpub. opn.].)  The opinion was subsequently certified for partial publication.  (*People v. Perez* (2018) 22 Cal.App.5th 201 (*Perez*), revd. and remanded on other grounds in *People v. Perez* (2020) 9 Cal.5th 1, 4.)  This brief factual overview is taken from the partially published opinion.

three counts of kidnapping for ransom (§ 209, subd. (a)), three counts of kidnapping for robbery (§ 209, subd. (b)(1)), and one count of active gang participation (§ 186.22, subd. (a)).

In connection with the murder counts, six special circumstances were found true: financial gain (§ 190.2, subd. (a)(1)), multiple murder (§ 190.2, subd. (a)(3)), lying in wait (§ 190.2, subd. (a)(15)), robbery murder (§ 190.2, subd. (a)(17)(A)), kidnapping murder (§ 190.2, subd. (a)(17)(B)), and gang-related murder (§ 190.2, subd. (a)(22)). (*Perez*, *supra*, 22 Cal.App.5th at p. 205.)

In connection with all counts other than active gang participation, an enhancement for the discharge of a firearm by a principal in a gang-related crime causing great bodily injury or death (§ 12022.53, subds. (d), (e)(1)) and a gang enhancement (§ 186.22, subd. (b)) were found true. (*Perez*, *supra*, 22 Cal.App.5th at p. 205.) Defendant was sentenced to a total term of 78 years to life, followed by life with the possibility of parole, and life without the possibility of parole.

Defendant and his codefendants appealed their convictions. This court reversed the gang special circumstance and the financial-gain special circumstance. We also remanded the case with regard to sentencing and directed the trial court to exercise its discretion with respect to whether to strike any of the firearm enhancements under section 12022.53. (*Perez*, *supra¸* 22 Cal.App.5th at pp. 212-213.)

On September 30, 2018, the Governor signed Senate Bill No. 1437, which became effective on January 1, 2019. Senate Bill No. 1437 "was enacted to 'amend the felony

murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) Senate Bill No. 1437 added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417.)

On January 16, 2019,[3] defendant filed a petition pursuant to section 1170.95, claiming he was convicted of murder under the felony murder rule or the natural and probable consequences doctrine, and he could not now be convicted of murder because of changes made to sections 188 and 189.

On March 1, 2019, the People filed a motion to dismiss defendant's petition, arguing that Senate Bill No. 1437 is unconstitutional; moreover, defendant could not demonstrate he was entitled to relief, since he was a major participant in a felony murder, and he was convicted under a theory other than felony murder.

The court held a hearing on August 16, 2019. The prosecutor stated that the case was back on a remittitur for the court to decide whether it wanted to exercise its discretion under section 12022.53, subdivision (h) and strike the firearm enhancement; in

---

[3] We note the date stamp on the petition reflects that it was filed on January 16, 2018. However, the year appears to be erroneous, since the petition itself is dated January 14, 2019.

addition, defendant filed a section 1170.95 petition. Defense counsel asserted that he believed the appellate courts would eventually hold that Senate Bill No. 1437 is constitutional, and then argued defendant was entitled to relief since there was no significant evidence that he was the actual shooter or that he aided or abetted the actual shooter with the intent to kill. The prosecutor submitted on his filed motion and argued that Senate Bill No. 1437 is unconstitutional. He also contended that defendant was ineligible for relief since multiple special circumstances were found true, where the jury had to determine that he was the actual killer, an aider and abettor with the intent to kill, or a major participant who acted with reckless indifference to human life. The prosecutor further noted that the court was well aware of the facts since it heard the case, and that defendant was factually ineligible since he clearly was a major participant in the underlying crimes. The court stated its belief that section 1170.95 is unconstitutional but acknowledged that others could determine it is constitutional. The court then denied the petition on the merits, for the reasons stated by the prosecutor.

As to the firearm enhancement, the court stated, "This is not even a close call for me. I did hear this case, and . . . if I had discretion, if I didn't have discretion it wouldn't have mattered. If I could have imposed more than the 25 years to life consecutive, I would have. This was a crime that called for that kind of punishment as far as I'm concerned." The court exercised its discretion and declined to strike the 25 years to life.

Defendant filed a notice of appeal, appealing the order denying resentencing under sections 1170.95 and 12022.53.

DISCUSSION

Defendant appealed and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and identifying one potential arguable issue: whether the true findings on the special circumstance allegations prohibit relief under Senate Bill No. 1437. Counsel has also requested this court to undertake a review of the entire record.

While we understand that the appellate review procedures under *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, in which we review the record ourselves to determine whether there are any arguable issues, generally apply "only to a defendant's first appeal as of right" (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45), we also recognize that we still retain discretion to conduct a *Wende/Anders* review. (See generally *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 7 ["The court may, of course, find it appropriate to retain the appeal."].) In perusing the record in this case, we observed significant clerical errors. Therefore, we exercise our discretion to conduct an independent review of the record.

We have now conducted an independent review and find no arguable issues. However, although not raised by the parties, we will address the clerical errors. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court

6

itself. (*Ibid*.) Appellate courts have authority to order the correction of abstracts of judgment that do not accurately reflect the oral judgments of sentencing courts. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

With regard to count 3, the court imposed 25 years to life on the firearm enhancement. (§ 12022.53, subds. (d), (e)(1).) However, the sentencing minute order and the abstract of judgment indicate that the court imposed the term on the firearm enhancement, but stayed it under section 654. The reporter's transcript does not reflect that the court stayed that enhancement. Furthermore, on counts 7, 8, and 9, the court imposed life *without* the possibility of parole. However, the sentencing minute order and abstract of judgment indicate that the court imposed life *with* the possibility of parole on these counts. The only count that the court imposed life *with* the possibility of parole was count 3. The court imposed life *without* the possibility of parole on counts 1-2 and 4-9. These clerical errors should be corrected.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. In a handwritten letter brief, he argued that Senate Bill No. 1437 is constitutional, and that he could not now be convicted of first degree murder, pursuant to the changes made to sections 188 and 189 under Senate Bill No. 1437. He cites *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 and argues the evidence in the record does not show that he aided and abetted the murders, that he was directly involved in the shootings, or that he used a weapon. He further claims the prosecution failed to prove he acted with reckless indifference to human life. He also

7

asserts that we cannot simply defer to the jury's pre-*Banks* and *Clark* factual findings.

We agree that Senate Bill No. 1437 is constitutional. (See *People v. Johns* (2020) 50 Cal.App.5th 46 [Fourth Dist., Div. Two].) However, we disagree that defendant could not now be convicted of first degree murder under Senate Bill No. 1437, since the evidence demonstrates he was a major participant in the underlying crimes and acted with the intent to kill. (See *Perez*, *supra*, 22 Cal.App.5th 201.)

## DISPOSITION

The superior court clerk is directed to modify the sentencing minute order and abstract of judgment to reflect the following: (1) with regard to count 3, the court imposed 25 years to life on the firearm enhancement (§ 12022.53, subds. (d), (e)(1)), and did not stay it under section 654; and (2) defendant was sentenced to life without the possibility of parole on counts 7 through 9 (along with counts 1, 2, 4, 5, and 6). The clerk is directed to forward certified copies of the sentencing minute order and amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

MILLER
Acting P. J.
RAPHAEL
J.

8